ALEXANDER STUART *vs.* JAMES MORRISON and logs.

Washington.　Decided March 25, 1878.

*Evidence.*

Where several lots of logs of different marks are described in a writ as one lot, having all the marks, evidence *aliunde* will not be received to explain the marks.

*Thus:* Where the plaintiff had a labor lien on only one mark of logs belonging to the defendant, which in the driving became mingled with other marks of logs belonging to other owners, and his writ was made to cover all the marks, with nothing in the description by which the several characters used could b e separated: *Held,* that it was not competent for the plaintiff to explain the marks by parol; that the court would take the description of the logs as they found it in the writ.

ON REPORT.

ASSUMPSIT on account annexed, for 79 days labor, for personal services driving logs on the St. Croix waters marked (here follow several characters difficult to print, but read by a witness as in his testimony appears) at $2.50 per day, $237.50. There was also an averment of a claim of a lien on the logs for personal services at driving and that the action was brought to enforce the lien according to the statute.

The plea of the defendant, Morrison, was that he never promised, with a brief statement that the parties were residents and citizens of New Brunswick, where the logs were destined for manufacture; that the labor of the plaintiff was performed on other logs belonging to other owners; that no particular or special labor was performed on defendant's logs; that the description of the logs in the return of the officer as a quantity of spruce and hemlock logs, not designating the quantity of each kind, was not sufficient to sustain a lien.

The several owners of logs of the marks mentioned in the return of the officer, appeared and filed their brief statements in defense.

The plaintiff testified that he belonged in Miramachi, had made his home in Calais for four years past; that in April, 1874, he went up river to work for James Morrison, of St. Stephens, driv-

ing logs; that he worked on logs of Eaton Brothers, Henry F. Eaton, Copeland, Duren & Co., William E. McAllister & Son and Charles F. Todd; that the logs were marked Reel S Cross Notch Saddle-bags Two crosses J E Cross-back. On cross-examination he testified that the mark on McAllister's logs was S Cross Notch; on Eaton Brothers was Reel; on H. F. Eaton's was J E Cross Notch.

*A. McNichol*, for the plaintiff.

*J. Granger, G. F. Granger & E. B. Harvey*, for the claimants.

LIBBEY, J. The description in the writ of the logs on which the plaintiff claims a lien must be held as embracing one lot of logs and one mark only. There is nothing in the description by which we can separate the several characters used, and determine that they constitute several marks of different lots of logs. To establish his right to judgment against the logs for the lien claimed, the plaintiff must show that he performed labor in cutting, hauling, rafting or driving the logs described in the writ, and that the same logs are attached in the suit. He admits that he performed no labor on logs marked with all the characters contained in his writ, but claims to show by parol evidence that the description in the writ contains four distinct marks, and that he performed labor on logs of each of those marks. It is not competent for him to explain the mark by parol. We must take the description of the logs as we find it in the writ. The logs attached are not of that description. The variance between the description in the writ and the proof is fatal to the plaintiff's claim against the logs attached.

The view we have taken of this point in the case renders it unnecessary to consider the other points raised.

The claims of Copeland, Duren & Co., of Henry F. Eaton, and of George McAllister, must be dismissed without cost. The attachments of the logs severally claimed by them were released before the return of the writ. No notice was given to owners of logs of the marks claimed by them. By the docket entries it does not appear that they were permitted to come in as parties. They have no standing in court.

The plaintiff is entitled to judgment against the defendant for $151.45 and interest from the date of the writ.

*Judgment against the logs attached denied.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.